

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. I. C. McWhirter
County Auditor
Hunt County
Greenville, Texas

Dear Sir:

Opinion No. O-6286
Re: Sheriff is entitled to retain
compensation for services ren-
dered beyond the scope of his
official duties, but not en-
titled to be compensated by
county for such services, nor
authorized to use labor paid
for by the county to render
such service.

We have received your opinion request of recent date
and quote same as follows:

"We have a question before our Commissioners'
Court as to whether the Sheriff is entitled to the
fee he received from the Secretary of the Democratic
Chairman for delivering election boxes and supplies
to the various voting boxes in the County for the
July Primary Election.

"The Sheriff is on a salary and receives 4¢ per
mile for the use of his car. He rendered a bill of
$56.25 to the Secretary of the Democratic Chairman
for delivery of these boxes (the mileage being paid
for by the county, also the salary of the Deputy
Sheriff delivering the boxes).

"Is this $56.25 a civil fee, and should it be
placed into the Officers' Salary Fund? Or does it
belong to the Sheriff?"

Article 3119, Vernon's Annotated Civil Statutes,
provides as follows:

CATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"The executive committee shall have a general supervision of the primary in such county, and shall be charged with the full responsibility for the distribution to the presiding judge of all supplies necessary for holding same in each precinct. If the duly appointed presiding officer shall fail to obtain from the executive committee the supplies for holding such election, such committee shall deliver the same to the precinct chairman for such precinct, and, if unable to deliver the same to such presiding officer or precinct chairman not less than twenty-four hours prior to the time of opening the polls for such primary, such committee shall deliver the same to any qualified voter of the party residing in such precinct, taking his receipt therefor, and appointing him to hold such election in case such presiding officer or precinct chairman shall fail to appear at the time prescribed for opening the polls." (Underscoring ours).

We believe that the above statute clearly and explicitly places all duties regarding the distribution of ballot boxes in a primary election on the county executive committee.

This being so, the distribution of such ballot boxes by the sheriff is without the scope of his official duties.

This department has held consistently that it is permissable for a county official to accept compensation for services rendered beyond the duties of his office where the performance of such services called for is clearly not within the scope of his official duties. (Opinions No. O-59, No. O-921, et al).

The delivery and distribution of such ballot boxes, not being within the scope of his official duties in respect to a primary election, could be lawfully undertaken by the sheriff in his private automobile, and he could receive compensation for such services from the county executive committee of the Democrat Party, but he would not be entitled to receive compensation from the county, under Art. 3899, V. A. C. S., for the mileage traveled in performing such duties.

Hon. I. C. McWhirter, page 3

In regard to the using of a deputy sheriff in the actual performance of such unofficial duties, we quote from Opinion No. O-921, as expressing a principle of law apropos to this question:

"The county clerk has no authority to use county employees paid by the county to perform services outside of the scope of the duties of the office of county clerk. Labor paid for by the county should not be used by the clerk in the performance of activities outside of the scope of the duties of his office."

It is our opinion that if the $56.25 is collected from the Democratic party, it should not be placed in the Officers' Salary Fund. However, the county should be reimbursed by the sheriff for any mileage collected by him from the county in performing such unofficial duties. The county should also be reimbursed for any moneys paid the sheriff or his deputy as salary or otherwise for the time consumed in so distributing the election supplies. See Waples v. Marrost, 108 Tex. 5, L.R.A. 1917 A. 253, 184 S. W. 180.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Robert L. Lattimore Jr.
Robert L. Lattimore, Jr.
Assistant.

RLL:rt